UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DeANGELO DON'VIRGIL WINSTON, )
)
Plaintiff, )
)
v. )            No. 4:08CV1476 TCM
)
ST. LOUIS COUNTY JUSTICE )
SERVICES, et al., )
)
Defendants. )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of DeAngelo Don'Virgil Winston (registration no. 140224), an inmate at the St. Louis County Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $8.67. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $43.33, and an average monthly balance of $4.37. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $8.67, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action for monetary relief under 42 U.S.C. § 1983. Named as defendants are the St. Louis County Justice Services ("SLCJS") and twelve of its employees. Plaintiff alleges that he has been verbally sexually harassed and intimidated. In addition, he claims that he is not receiving the proper medications for his mental illnesses and that his mail is being given to other offenders.

## Discussion

Having carefully reviewed the complaint, the Court concludes that this action is legally frivolous as to defendant SLCJS, because municipal entities are subject to liability under § 1983 only if the alleged constitutional deprivations are the result of an

official policy or custom of the County. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 691 (1978). Plaintiff alleges no facts relative to policy or custom.

This action is also legally frivolous as to the remaining twelve individual defendants, given that the complaint is silent as to whether they are being sued in their official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell*, 436 U.S. at 690-91. The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As such, the complaint fails to state a claim upon which relief can be granted.

Last, the Court notes that to the extent plaintiff is attempting to assert a due process claim based on the loss of property, the allegations fail to state a claim

cognizable under § 1983 and are legally frivolous. Although the due process clause may be implicated when a prisoner suffers a loss of property, if the taking of property by prison officials is intentional and the state provides an adequate postdeprivation remedy, there is no violation of due process. *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Plaintiff does not allege that he lacks an adequate postdeprivation remedy, and, in fact, the State of Missouri provides the postdeprivation remedy of replevin for the recovery of personal property. *See* Mo. R. Civ. P. 99.01 - 99.15. Moreover, no due process claim exists if the loss of plaintiff's property was the result of negligence. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *accord Davidson v. Cannon*, 474 U.S. 344, 347 (1986); *Morton v. Becker*, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment due process clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $8.67 within thirty (30) days of the date of this Order. Plaintiff is instructed to make

his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 15th day of October, 2008

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE